**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CIVIL ACTION NO. 19-139-DLB

KING S. TAYLOR                                                                                          PLAINTIFF

v.                    **MEMORANDUM OPINION AND ORDER**

COVINGTON POLICE DEPARTMENT, et al.                        DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff King Taylor is a resident of Covington, Kentucky. Proceeding without a lawyer, Taylor recently filed a one-page, handwritten complaint with this Court (Doc. # 2), along with a motion for leave to proceed *in forma pauperis.* (Doc. # 1). The Court has conducted an initial review of Taylor's complaint and, for the reasons set forth below, will dismiss his claims and strike this action from the docket.

Taylor's complaint is very difficult to understand. To be sure, Taylor is clearly suing the Covington Police Department, as well as Officer Brian Powers, and he complains about being arrested at a Popeyes chicken restaurant in Covington on October 5, 2018. (Doc. # 2). Taylor then suggests that the initial allegations against him—whatever they were—amounted to "false charges" which were subsequently dismissed. *See id.* However, beyond that, Taylor's submission is vague. Indeed, Taylor simply says, "The actions of Officer Powers was more personal than professional on the night of Mr. Taylor's arrest." *Id.* Taylor then confusingly adds:

> The bodycam video Hon. Judge Kathe Lape wasn't turned over upon her subpoena during Mr. Taylor's alleged 1st degree Robbery indictment because it would display no proble [sic] cause for Mr. Power's arrest

1

> besides his main concern and interrogation of False allegation of some unknown persons stating I was trying to kill Officer Micheal Lusurdi.

*Id.* Taylor suggests that he is pursuing false arrest, false imprisonment, and defamation claims, and he indicates that he is seeking reimbursement for unspecified "drug testing fees . . . and/or any additional fees." *Id.* Taylor also moves for leave to proceed *in forma pauperis*. (Doc. # 1).

As an initial matter, the Court will grant Taylor's fee motion and allow him to proceed as a pauper. The financial information Taylor has provided indicates that he lacks enough assets or income to pay the filing and administrative fees in this case. That said, the Court has conducted an initial review of Taylor's complaint pursuant to 28 U.S.C. § 1915(e)(2) and will dismiss his claims.

For starters, Taylor has failed to state a claim against the Covington Police Department. The Covington Police Department is not an entity subject to suit under 42 U.S.C. § 1983; rather, the proper party is the City of Covington itself. *See Grogg v. State*, No. 18-5794, 2019 WL 386973, at *2 (6th Cir. Jan. 7, 2019) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). And to state a § 1983 claim against the City of Covington, Taylor "needed to plead that the city had a custom or policy that was the source of his injury." *Grogg*, 2019 WL 386973, at *2 (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)). Taylor made no such allegation in his complaint, and he therefore failed to state a claim. *See id.*

Taylor's barebones complaint also fails to state a claim against Officer Powers. Taylor appears to be asserting false arrest and false imprisonment claims against Officer Powers. (Doc. # 2). Such claims, however, require a plaintiff to show that the underlying arrest lacked probable cause, *see Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009),

and, here, Taylor has simply not alleged enough facts which, if true, would demonstrate that the officer lacked probable cause for his arrest.

To be sure, at one point, Taylor does refer to a body cam video and alleges that it "would display no proble [sic] cause for Mr. Power's arrest." (Doc. # 2). However, this is nothing more than a legal conclusion that is not supported by adequate ultimate facts. Indeed, Taylor does not explain in any clear way what actually happened at the Popeyes restaurant on the night in question, and his vague statement that "[t]he actions of Officer Powers was more personal than professional" does not adequately explain the circumstances surrounding his arrest, let alone demonstrate that the arrest lacked probable cause. *See id.* In short, Taylor's complaint is completely devoid of details that would suggest that he was arrested without probable cause. Thus, Taylor has simply failed to state a claim for either false arrest or false imprisonment.

Finally, Taylor also appears to be pursuing state law defamation claims. However, since the Court has already dismissed Taylor's other claims, it concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction over these state law claims. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349–50 (1988); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that, after a dismissal for failure to state a claim, "there is a strong presumption in favor of dismissing supplemental claims"). Therefore, the Court will dismiss Taylor's state law defamation claims without prejudice.

Accordingly, **IT IS ORDERED** that:

(1) Taylor's motion for leave to proceed *in forma pauperis* (Doc. # 1) is **GRANTED** and payment of the filing and administrative fees is **WAIVED**;

(2) Taylor's claims against the Covington Police Department are **DISMISSED** for failure to state a claim upon which relief may be granted;

(3) Taylor's false arrest and false imprisonment claims against Officer Brian Powers are **DISMISSED** for failure to state a claim upon which relief may be granted;

(4) Taylor's state law defamation claims are **DISMISSED** without prejudice;

(5) This action is **STRICKEN** from the Court's docket; and

(6) The Court will enter a corresponding Judgment.

This 8th day of October, 2019.

Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\ProSe\19-139 MOO.docx